E. E. Neal v. The State.

No. 7469. Decided October 31, 1923.

Simple Assault—Statement of Facts—Practice on Appeal.

Where it appeared from the record that either the statement of facts should be considered or that appellant was deprived of one, and in either event a reversal of the judgment would follow, the statement of facts showing that defendant was not guilty of simple assault but may have been guilty of abusive language, the judgment is reversed and the cause remanded.

Appeal from the County Court of Starr. Tried below before the Honorable H. Garza, Jr.

Appeal from a conviction of simple assault; penalty, a fine of $25.00.

The opinion states the case.

*E. E. Neal*, for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

HAWKINS, ·Judge.—Appellant was convicted for simple assault on one Lauro M. Gutierrez and his punishment assessed at a fine of twenty-five dollars.

The record is in such condition that we have been at a loss to know the proper order to make. The *certiorari* for an amended transcript made at the last term of court has been complied with and the record shows no bills of exception in such condition as wiwll permit of their consideration. There are on file two affidavits (which are uncontroverted) relative to the purported statement of facts. We have concluded that either the statement of facts should be considered or that appellant was deprived of one. In either event a reversal of the judgment would follow.

If the statement of facts should be considered it reveals that appellant may have been guilty of abusive language under Article 1020 of the Penal Code, but was not guilty of an assault, the offense for which he was tried.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*